ERCANBRACK v. RICH and another.

1. PLEADING—FORECLOSURE.—It is sufficient, in a bill by an assignee of a mortgage to foreclose it, to state generally that the bond and mortgage have been assigned to him for a valuable consideration, and the assignment need not be set out more fully or specifically.

2. SAME.—A bill to foreclose a mortgage which states that no proceedings have been had to collect the debt, will not be held bad on demurrer for failing to state what part of the debt has been collected, an allegation in that behalf being necessary only where proceedings have been had at law.

(2 *Chand.* 100.)

APPEAL from the Circuit Court for *Dodge* County.

The bill filed in this cause was for the foreclosure of a mortgage executed with a bond as collateral security for the pay-

ment of the sum by the appellants, *Roper* and *Rich*, wherein it was alleged that the securities were executed, to one William Cady for securing the payment of the purchase money of the land therein described.    The bill alleged that the bond and mortgage had been duly assigned to the appellee for a valuable consideration, and alleged that $644.22, with interest at the rate of twelve per cent. from the date of the securities, remained unpaid, and that no proceedings had been had at law to recover the debt secured by the instrument.    The bill prayed a fore-closure of the mortgage and a sale of the mortgaged premises.

The defendants, the appellants here, demurred to the bill, and assigned the following causes :

1. That it did not appear by the bill by whom the mortgage was assigned ; nor what consideration was paid ; nor that the assignment was in writing, under seal ; nor that such assignment was acknowledged or recorded. ·

2. That it did not appear by the bill whether the debt secured by the bond and mortgage, or any part thereof had been collected.

The court overruled the demurrer, and the cause came into this court, on the appeal from that decision.

*C. Billinghurst*, for the appellants, argued that the want of form in chancery pleadings is as fatal as in pleadings at law. Story's Eq. Pl. § 454.    That the office of a demurrer in equity pleading is to reach objections apparent on the face of the bill, upon matter stated, or which should have been stated in it. Id. § 448, 443.    That the causes of demurrer assigned showed the bill to be defective in the particulars stated by the demurrer ; that in pursuance of the provisions of the Revised Statutes, the bill, in addition to the statement that no proceedings had been had at law for the recovery of the mortgage debt, must show that no part thereof had been collected ; that where special jurisdiction is given by statute, the record must show a case within the statute, otherwise the jurisdiction will not be presumed.    2 Dana, 270.

Byron vs. May.

*Collins & Smith*, for the appellee, argued that the bill set forth the matter with that degree of certainty which is required at common law. 1 Barb. Ch. Prac. 38. That the statement in the bill of the assignment of the mortgage was sufficient; that the statement in the bill that no proceedings at law had been had for the recovery of the mortgage debt was sufficient. *Patterson v. Powers*, 4 Paige, 549.

Stow, C. J. This is a bill for the foreclosure of a mortgage, the complainant being the assignee of the original mortgagee. The defendants demur, and assign as causes: 1. That the assignment to the complainant is not set forth; and, 2. That the bill does not state whether the debt, or any part of it, has been collected. I think there is nothing in this demurrer. The bill states that the mortgage and collateral bond, had been, for a valuable consideration, assigned to the complainant, and were held and owned by him. This was enough to entitle him to sue. He was not bound to set forth the evidence of his right. The objection that it does not appear that no part of the debt has been collected is not applicable, as the bill states that no proceedings had been had at law; and it is only when such proceedings have been had, that it is necessary to show what has been collected.

Decree affirmed.